Young Walgenkim OSB# 124900
Hanson & Walgenkim, LLC
838 Commercial St NE
Salem, OR 97301
Tel. (503) 383-1496 || Fax (503) 766-6477
young@hansonwalgenkim.com
Attorney for Defendant Mendoza

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **GREAT AMERICAN INSURANCE COMPANY**, an Ohio corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>**NORBERTO MENDOZA**, an individual; **OLGA GOMEZ**, an individual; **LOBEL FINANCIAL CORPORATION**, a California corporation; **OREGON COMMUNITY CREDIT UNION**, an Oregon credit union; **CROSSPOINT NW INC**, an Oregon corporation; and **DOES 1-30**, an individual,<br><br>                    Defendants. | Case No.: 3:18-cv-01381-BR<br><br>**DEFENDANT NORBERTO MENDOZA'S ANSWER AND CLAIM ON ORS 822.030 VEHICLE DEALER BOND** |

## ANSWER

Defendant Norberto Mendoza (Mendoza) by and through his attorney Young Walgenkim, answers Plaintiff's complaint as follows:

1. Defendant Mendoza admits paragraphs 1.1 – 3.2, 4.2, and 4.4 – 4.6 of Plaintiff's Complaint.

2. Defendant Mendoza has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs 4.1 and 4.3, and therefore deny the same.

3. To the extent answers are required for any remaining paragraphs or portions of paragraphs Mendoza denies them.

## CLAIM AGAINST THE BOND

4. Although $40,000 is the bond limit, $20,000 is the maximum amount available under the bond for claimants who are not retail customers pursuant to ORS 822.030(3).

5. Mendoza is a retail customer, and is entitled to up to $40,000 of the bond.

## CLAIM FOR RELIEF: UNLAWFUL TRADE PRACTICES - ORS § 646.608

6. Mendoza re-alleges the above paragraphs, and incorporates the same herein.

7. On or about April 23, 2018, Mr. Mendoza purchased a 2008 Chevy Suburban (Suburban), VIN:1GNFK16308J218125 from New Generation Motorz LLC (the dealer), the principal of the bond at issue.

8. During the test drive, Mr. Mendoza noticed the Suburban had issues with the air conditioning, the doors, and a clicking sound coming from the engine.

9. He alerted the dealer to these problems, and dealer told Mr. Mendoza that he would fix all of these issues after purchase.

10. Relying on these representations, Mr. Mendoza decided to purchase the Suburban.

11. About a week after purchase, Mr. Mendoza brought the Suburban back to the dealer to get the issues repaired. Since then Mr. Mendoza received many mixed messages from the dealer about the status of the Suburban, and so Mr. Mendoza had to rent other vehicles for transportation. Mr. Mendoza started to get worried when his phone calls were not being returned.

12. Mr. Mendoza was able to retrieve his Suburban at the dealer's lot with the help of the DMV. When he found the Suburban, it had been damaged, had parts removed,

had several warning lights on, and was in a significantly worse mechanical condition than before. Currently, the Suburban has the following problems:

   a. Needs a replacement engine;
   b. Check Engine Light on and blinking;
   c. Dark grey smoke coming out of muffler;
   d. Stability service light;
   e. Traction control light;
   f. Missing power locks;
   g. Rear back door latch will not open;
   h. Broken automatic doors/door handles;
   i. Tampered fuse boxes;
   j. Air Conditioning/heating units not in service;
   k. Engine parts have been tampered with.

13. The extent of damages to the Suburban is so great that Mr. Mendoza has suffered loss of the entire value of the vehicle in the amount of $16,787.36

14. Mr. Mendoza has also suffered out of pocket expenses including $2,400.31 in rental car fees and $120 in inspection fees.

15. The dealer therefore willfully violated the following provisions of the Unlawful Trade Practices Act (UTPA):

   a. ORS 646.608(1)(e) – Misrepresentation of Benefits and Qualities;

   b. ORS 646.608(1)(q) – Failure to Deliver as Promised;

   c. ORS 646.608(1)(t); ORS 646.608(1)(u), OAR 137-020-0020(3)(o) – Failure to Disclose Material Defects;

16. As a result of the dealer's violations of the UTPA, Mendoza is entitled to actual economic damages, statutory damages, reasonable attorney fees, and costs pursuant to ORS 646.638.

17. Mr. Mendoza's actual damages include (1) $16,787.36 in cost of the vehicle and (2) $2,400.31 in rental car fees, and (3) $120 in inspection fees, for a total of

$19,307.67.

18. The dealer's violations of the UTPA were due to its fraudulent representations.

19. Great American Insurance Company (GAIC) is jointly and severally liable as the bond company for the dealer under ORS 822.030.

## PRAYER FOR RELIEF

THEREFORE, Defendant Mendoza prays judgment be entered for:

a) Order declaring only $20,000 of the bond amount available for non-retail claimants, and $40,000 available for retail claimants including Mendoza;

b) An award of actual damages to be paid from the bond, estimated at $19,307.67;

c) An award of reasonable attorney fees and costs to be paid from the bond; and

d) Any and all other relief the court deems just and equitable.

DATED: September 6, 2018

/s/ Young Walgenkim  
Young Walgenkim OSB# 124900  
young@hansonwalgenkim.com  
838 Commercial St NE  
Salem, OR 97301  
(503) 383-1496 || Fax (503) 766-6477  
Attorney for Defendant Mendoza

### Certificate of Service

I hereby certify that I served a true and correct copy of the foregoing on Defendants' counsel of record via filing with the CM/ECF system on September 6, 2018.

/s/ Young Walgenkim  
Young Walgenkim OSB# 124900